John Steelman  CDCR # D-30388
Folsom State Prison  1-C4-02
P.O. Box 950
Folsom, CA  95763

**ORIGINAL**

**FILED**

MAR 03 2008

No. 45878

~~RING~~
CL~~E~~ ~~U~~ ~~S~~ D~~I~~ST~~R~~I~~C~~T COURT
NORTHERN DI~~S~~T~~R~~I~~CT~~ OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GILMORE** | ) |
| | ) **CASE NO.** _____ |
| Plaintiff-Appellant, | ) |
| **V.** | ) **DECLARATION OF JOHN** |
| | ) **STEELMAN; MEMORANDUM** |
| **PEOPLE OF THE STATE OF** | ) **OF LAW TO SUPPORT MOTION** |
| **CALIFORNIA** | ) **SEEKING ADMINISTRATIVE** |
| Defendant-Appellee. | ) **RELIEF UNDER CIVIL L.R.** |
| | ) **7-11** |

**DECLARATION OF JOHN STEELMAN:**

I, John Steelman, hereby declare that I am the movant in the above entitled action, and the following is true and correct.

1. I am a State prison inmate, in the custody and control of the California Department of Corrections and Rehabilitation (CDCR), and under the immediate custody and control of Mr. M.C. Kramer, Warden of Folsom State Prison (F.S.P.), in Represa California.

2. I was committed to the California Department of Corrections (now the California Department of Corrections and Rehabilitation, here-inafter "CDCR"), May 21, 1986, for the term of 15 years-to-Life, and been continuously incarcerated with no parole date established.

3. I am a member of the "Gilmore" plaintiff class in which the above case has been decided in this Court, and consent decrees stipulated to by the parties and issued by this Court.

4. I am invoking the protection afforded by this Court in its Order Settling and Dismissing Action, Sept. 28, 1978, stating that the above named action shall be dismissed "subject to the right of plaintiffs to file a petition with this court to seek enforcement with the provision of this Court's order of October, 16, 1972."

5. I have been unable to research, prepare, and present a petition to the California Court of Appeal since June 2006 due to the CDCR's denial of adequate access to a current legal library, and current rules and regulations mandated by CDCR administrative regulations and the Gilmore Consent Decree to be available to State prisoners.

6. I have suffered, and still suffer from the actual injury of de-nial of the ability to file a habeas corpus petition or responsive pleading in any State court with proper preparation and research

1

due to the inadequacies of the prison law library, which due to in-
carceration and poverty is my only source of legal materials.

7. I was transferred to F.S.P. in February 2003, and I have been as-
signed to work in the Folsom State Prison (F.S.P) Library for a pe-
riod of four years (June 2003 thru June 2007).

8. During the entire time I have been here I have tried every means
available to me to ensure the completeness and maintenance of up-
to-date materials in the F.S.P. Legal Library.

9. For the duration of my time at this prison, the Legal Library has
never once been up-to-date and current in all "Gilmore Collection"
mandated legal materials.

10. I have repeatedly pointed out the specific deficiencies in the
Gilmore Collection to F.S.P. Librarians and Supervisors due to my
work assignment, and separately utilized the CDCR Inmate Appeal
(CDC-602) procedures as an individual inmate without success.

11. In support of the above allegations, I present the following
facts and support same with the identified Exhibits to this Motion.

12. I gave a copy of the CDC Memorandum - January 22, 2002 - "Ap-
proval To Use Additional Legal Title For An Outdated Mandated Ti-
tle" - Exhibit "A", to F.S.P. Library Staff approximately June
2003. The memo from the CDC Principle Librarian intends to "provide
inmates with up to date, accurate information on habeas corpus, in-
mate libraries are advised to add" a new publication.

13. This book set was ordered at F.S.P. previously, but the last up-
date to set was received in 2002.

14. I cited the lack of updates to this books set as "deficiencies"
in the "Gilmore Collection: Missing Volume" list submitted to

2

F.S.P. Library Staff beginning in October 2004 (Exhibit D); December 2004 (Exhibit E); July 2005 (Exhibit F); September 2005 (Exhibit G); March 2006 (Exhibit H); June 2006 (Exhibit J); and October 2006 (Exhibit M). I was directed to delete this entry as "non-mandated" material prior to the December 2006 listing (Exhibit O).

15. I submitted the issue to CDCR on an Inmate Appeal, July 31, 2006, Exhibit S. The First and Second Level Appeal Decisions at the F.S.P. level both affirmatively refuse to follow the CDCR Principle Librarians "advice."

16. Exhibit S – Director's Level Appeal Decision, Section III (dated March 7. 2007) states; "The Director's Level of Review contacted Ms. J. Stuter, CDCR Principle Librarian in regard to expectation for the Law Libraries." The response goes on to say nothing specific or address movant's allegations stated in my Inmate Appeal. Note that Ms. Stuter issued Exhibit A in performance of her duties as CDC/CDCR Principle Librarian.

17. The mandated Gilmore Collection includes two (2) habeas corpus references from 1970. The Antiterrorism and Effective Death Penalty Act of 1996 entirely changed the landscape of habeas corpus in America, while CDCR and F.S.P. consider it "adequate" to provide 1970 references to the inmate population.

18. I compiled the Legal Library Book Disposal Inventory, Aug. / Sept. 2004 – Exhibit B. Due to lapse of all legal subscriptions exceeding a one-year period from 2002 thru early 2004. The following sets of law books were repurchased and shelved in July 2004:

3

West's Federal Practice Digest 4th Ed. (357 volumes);
U.S. Supreme Court Reports - Lawyer's Ed. 2nd (161 vol.s);
West's California Digest 2d Ed. (117 vol.s);
Deering's Annotated California Codes (221 vol.s);
California Jurisprudence (Cal.Jur) 3rd Ed. (115 vol.s);
West's United States Code Annotated (U.S.C.A.) (350 vol.s).

19. Due to the expiration of all mandated Gilmore Collection mate-

rial CDCR decided it was easier to repurchase the above listed sets

than to order individual replacement volumes. Note that U.S. Su-

preme Court Reports Lawyer's Edition books did not need to be com-

pletely replaced, only supplemented for the missing volumes issued

after the subscription's expiration.

20. I began to compile the missing and out-of-date legal materials

in the F.S.P. Law Library into the "Gilmore Collection: Missing

List as of July 19, 2004 - Exhibit C, and presented this listing to

my immediate supervisors - F.S.P. Librarians - for replacement

and/or ordering. Note the lapsed subscription for: West's Federal

Supplement 2d; Federal Reporter 3d; Supreme Court Reports (no

listed Final Editions received) California Reporter 2d and 3d; and

all Shepard's Case Name Citators expired November/December 2002.

21. I prepared another Gilmore Collection: Missing List as of Octo-

ber 16, 2004 - Exhibit D. Note lapsed subscription for: Barclay's

California Code of Regulations (CCR) - since December 2003; West's

Federal Supplement 2d; Federal Reporter 3d; Supreme Court Reports

(missing all 124 S.Ct. and listed Final Editions); California Re-

porter 2d and 3d; Shepard's - all Case Name Citators expired

Nov./Dec.2002 and missing books since 2002, all other Shepard's Ci-

tations expired in July 2004. This list includes request for order

of up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes

(see Exhibit A).

22. I prepared another Gilmore Collection: Missing List as of December 4, 2004 - Exhibit E. Note lapsed subscription for: Barclay's California Code of Regulations (CCR) - since December 2003 (one (1) year); West's Federal Supplement 2d; Federal Reporter 3d (Advance Sheets renewed but a 20 week gap exists in case law); Supreme Court Reports (missing all 124 S.Ct. and listed Final Editions); California Reporter 2d and 3d (missing approx. 40 weeks case law); Shepard's - all Case Name Citators expired Nov./Dec.2002 and missing books since 2002, all other Shepard's Citations expired in July 2004; West Federal Practice Digest 4th - Pocket Part shipment incomplete (obsolete) noted. This list includes request for order of up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes (see Exhibit A); First request for disposition of duplicate books.

23. I prepared another Gilmore Collection: Missing List as of July 15, 2005 - Exhibit F. Note lapsed subscription for: West's Federal Supplement 2d; Federal Reporter 3d (Advance Sheets renewed but a 20 week gap exists in case law); Supreme Court Reports (no listed Final Editions received) California Reporter 2d and 3d (missing approx. 40 weeks case law); Shepard's - Missing Hardbound Supplements issued during subscription lapse 2002 - 2004; Law Week subscription stopped at Vol. 73, No. 34, March 15, 2005; West Federal Practice Digest 4th - Pocket Part shipment incomplete (obsolete) noted since Dec. 2004. List includes request for order of up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes (see Exhibit A).

24. I prepared another Gilmore Collection: Missing List as of September 7, 2005, Note   —   Exhibit G. Note subscription for: West's Federal Supplement 2d; Federal Reporter 3d (Advance Sheets renewed but a 20 week gap exists in case law); Supreme Court Reports (no

listed Final Editions received) California Reporter 2d and 3d
(missing approx. 40 weeks case law); Shepard's – Missing Hardbound
Supplements issued during subscription lapse 2002 – 2004; Law Week
subscription stopped at Vol. 73, No. 34, March 15, 2005; West Fed-
eral Practice Digest 4th – Pocket Part shipment incomplete noted
since Dec. 2004 with no action taken to rectify. Includes request
for order of up-to-date Habeas Corpus Practice & Procedure for
AEDPA purposes (see Exhibit A). Request for Disposition on dupli-
cate books now one (1) year old.

25. I prepared another Gilmore Collection: Missing List as of March
22, 2006 – Exhibit H. Note lapsed subscription for: Supreme Court
Reports (no listed Final Editions received); West Federal Practice
Digest 4th – Pocket Part shipment incomplete noted since Dec. 2004;
Shepard's – Missing Hardbound Supplements issued during subscrip-
tion lapse 2002 –2004, now reported for two (2) years with no ac-
tion to update or order; Shepard's – all Case and Statute editions
expired again in December 2005. Also includes request for order of
up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes
(see Exhibit A).

26. F.S.P. Legal Library received four (4) computers with Premise
software and an electronic law collection which remained unavail-
able to any inmate use for approximately one-year due to concern
over structural defects in the cabinets. After being allowed to
test drive one of these units I wrote Exhibit I – "Law Library Com-
puters" memorandum (April 26, 2006); and "Question regarding Prem-
ise Law Library" computer systems (May 2006), and submitted same to
my supervisors, F.S.P. Librarians.

27. The "Help" and tutorial sections of the Premise program were never available to any system at F.S.P. (including Staff's). After Staff received vendor training on the systems (after approximately one year of sitting gathering dust), a training guide was initially provided to inmates for a self-instruction tutorial on how to use the electronic systems. This procedure was discontinued quickly.

28. I wrote a "How To" guide for utilizing the systems and submitted it to F.S.P. Staff for use in providing inmates a simple guide to navigating the system. To date this has never been distributed.

29. Due to the physical limitations of the Administrative Segregation "cages" inmates are placed in, and the physical layout of the computer cabinets, it is impossible for Ad-Seg inmates to utilize the electronic law collection. Despite assertions from CDCR officials (Exhibit S) there are materials on the electronic systems that there are no paper copies of current.

30. I prepared another Gilmore Collection: Missing List as of June 1, 2006 - Exhibit J. Note lapsed subscription for: Barclay's California Code of Regulations (CCR) - expired again Reg. 2006, No. 4, Jan. 27, 2006 (4 months prior); Supreme Court Reports (no listed Final Editions received); Shepard's - Missing Hardbound Supplements issued during subscription lapse 2002 -2004; Shepard's - all Case and Statute editions expired in December 2005, a six (6) month lapse so far. Noted no receipt of reissue Continuing Education of the Bar (C.E.B.) mandated materials. Also includes request for order of up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes (see Exhibit A). Request for Disposition on duplicate books from Sept. 2004 and seven (7) additional boxes received in July 2005 still reported.

31. After an apparent violation of rules and rights by the Board of Parole Hearings (BPH) at F.S.P. in 2005 - 2006, I filed a petition for writ of habeas corpus in the Superior Court. See Exhibit K - Order After Return And Traverse - In re Steelman, Sacramento Superior Court Case # 05F06094.

32. The petition was denied due to my errors, but a "new rule" was adopted by the BPH regarding the use of mechanical restraints at parole hearings, which factored heavily into the court's denial of the petition.

33. BPH Rule Changes (15 CCR Division 2), are not required to be posted in, nor distributed for access to State prisoners. I must rely on "Barclay's California Code of Regulations (CCR)" for a current copy of BPH rules and regulation.

34. Note that CDCR and F.S.P. allowed Barclay's California Code of Regulations (CCR) to expire after Reg. 2006, No. 4, Jan. 27, 2006. The alleged rule change by the BPH was issued February 22, 2006. I began to note this expiration in Exhibit J, June 1, 2006.

35. In July 2006 I initiated a CDC-602 seeking administrative remedy for the out-of-date BPH regulation, see Exhibit S, which was finally completed in March 2007, and states that a full set of current up-to-date paper material will be maintained at this time.

36. As of this writing in June 2007, I still only have Barclay's California Code of Regulations (CCR) expired after Reg. 2006, No. 4, Jan. 27, 2006, on the shelf in the F.S.P. Law Library.

37. I finally found the supposed section of the "new rule" issued by the BPH - 15 CCR § 2035, BPH Emergency Rule Change Notice RN 06-02, in September 2006. I requested a copy of RN 06-02 from Mountain

Valley Library Service (M.V.L.S.), the contractor cited by the CDCR in Exhibit S.

38. Exhibit L - MVLS (Mountain Valley Library Service) Request: 15 CCR § 2035, Sept. 13, 2006, received by me October 17, 2006. I had no way to verify the implementation of RN 06-02 without a current 15 CCR Div. 2, and could not obtain access to one at F.S.P.

39. F.S.P. Law Library finally received a CD-ROM electronic update to the computerized Premise Law Library systems the first week of March 2007, bringing the electronic version of Barclay's CCR up-to-date as of: California Register 2006, No. 49, December 4, 2006.

40. Another CD-ROM electronic update was received in early May 2007 that brought the Premise Law Library systems version of Barclay's California Code of Regualtions up-to-date as of California Register 2007, No. 11, March 16, 2007.

41. Note that 15 CCR § 2035 does not exist in the versions of Barclay's California Code of Regualtions available to me since 2006, and I have been unable to file a petition to challenge the lower court's denial based upon an "emergency" rule change by the BPH that apparently does not exist, due to the deficiencies in, and long standing neglect of compliance with the "Gilmore Consent Decree", by the CDCR and F.S.P. Law Library.

42. As a point of fact, Mountain Valley Library Service (M.V.L.S.), the contractor cited by the CDCR in Exhibit S, is no longer available to me since the contract was not renewed past Dec. 31, 2006, with notice posted at F.S.P. in late October 2006. Exhibit S was dated March 7, 2007, the Director's Reviewer and Ms. Stuter (CDCR Principle Librarian) both "unaware" of the contract termination.

9

43. See Exhibit S, dated March 7, 2007. Director's Level Appeal Decision, Section III, paragraph 3, second sentence states: "each institution is also maintaining ONE up to date, complete and current print law library." This is clearly incorrect, and F.S.P. Staff and CDCR cannot claim their ignorance of this issue – see Exhibits Q, "R", "S", and compare to Exhibit T, dated May 3, 2007.

44. I prepared another "Gilmore Collection: Missing List" as of October 1, 2006 – Exhibit M. Note lapsed subscription for: Barclay's California Code of Regulations (CCR) – expired Reg. 2006, No. 4, Jan. 27, 2006 (9 months prior); Supreme Court Reports (no listed Final Editions); Shepard's – Missing Hardbound Supplements issued during subscription lapse over two (2) years prior; Shepard's – all Case and Statute editions expired in December 2005 (10 months prior). Noted no receipt of reissue Continuing Education of the Bar (C.E.B.) mandated materials. Also includes request for order of up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes (see Exhibit A). Request for Disposition on duplicate books from Sept. 2004 and seven (7) boxes received July 2005 still reported.

45. Beginning with "Gilmore Collection: Missing List" as of October 1, 2006 – Exhibit M, a new section was added to denote the backlog dates of the electronic law collection on the Premise systems. Note that pages 5 and 6 list dates of electronic publication versus print paper collection. Electronic collections of most sets anywhere from six (6) to nine (9) months behind actual publication dates of cases. No explanation is given for the delay and the issue is completely ignored by F.S.P. and CDCR – see Exhibits L and "S".

46. I submitted "Premise Law Library Collection" as of November 27, 2006 – Exhibit N. This list was presented to note problems and ex-

cessive delays with updating the electronic law collection. The most significant of these problems being:

Item # 1 - United States Code Annotated (U.S.C.A.) - EXPIRED, system suggests we load update from "current library disks." Unable to update till receipt of new CD ROMs.

Item # 2 - Barclay's Calif. Code of Regulations (CCR) (electronic copy) last update received Register 2006, No. 12, March 24, 2006 - seven (7) month lapse and note paper subscription expired in January 2006.

Item # 3 - California Reporter 3d Series updates are 10 months behind paper advance sheet subscriptions.

Item # 4 - Supreme Court Reporter - almost one (1) year behind paper advance sheet subscriptions.

Items # 5 & 6 - Federal Reporter 3d and Federal Supplement 2d updates approximately 9 months behind paper advance sheet subscriptions.

Item # 7 - Federal Appendix Series updates approximately 11 months behind paper advance sheet subscriptions.

Items # 9 & 10 - California Jurisprudence 3d and West's California Digest 2d - No way to determine current supplementation closeout dates to electronic collection, therefore no way to tell when updates are made,

47. I prepared another "Gilmore Collection: Missing List" as of December 4, 2006 - Exhibit O. Note lapsed subscriptions for: Barclay's California Code of Regulations (CCR) - paper copy expired Reg. 2006, No. 4, Jan. 27, 2006 electronic copy expired Reg. 2006, No. 12, Mar. 24, 2006; Supreme Court Reports (no listed Final Editions received); Shepard's - Missing Hardbound Supplements issued during subscription lapse over two (2) year prior; Shepard's - all Case and Stature editions expired in December 2005 (10 months prior) Request for order of up-to-date Habeas Corpus Practice & Procedure for AEDPA purposes deleted by direction of Supervisor. Please note electronic law collection

11

listing indicating the actual backlog of this collection (6 to 10 months), verses the paper collection. Request for Disposition on duplicate books from Sept. 2004 and seven (7) additional boxes received July 2005 still reported.

48. I prepared another "Gilmore Collection: Missing List" as of March 30, 2007 – Exhibit P. Note lapsed subscriptions for: Barclay's California Code of Regulations (CCR) – paper copy ex-pired Reg. 2006, No. 4, Jan. 27, 2006 electronic copy expired Reg. 2006, No. 12, Mar. 24, 2006; Supreme Court Reports (no listed Final Editions received); Shepard's – Missing Hardbound Supplements issued during subscription lapse over two (2) year prior. Please note electronic law collection listing indicating the actual backlog of this collection verse the paper collection. Daily Journal Subscription Expired April 2006, with delays in up-dates to electronic collections this leaves "current" cases to advance sheet publication which are one (1)to six (6) months be-hind current date unless advance sheet is lost or not received. CDCR Department Operation Manual (D.O.M.) – current pub is May 2000 – do not have complete list of updates, revisions, changes, additions, deletions, nor local supplements or Operational Proce-dures. Request for Disposition on duplicate books from Sept. 2004 and seven (7) additional boxes received July 2005 still reported.

49. I submit Exhibit Q – Inmate Appeal CDC-602, Log. # 06-00386. I began this appeal March 10, 2006, and completed Director's Level Review April 9, 2007. The issue complained of was the expiration of Shepard's Citations in December 2005 (see Exhibit G). The ap-peal was "Granted" by FSP Warden at Second Level, mid-July 2006.

12

50. Exhibit Q notes the confusion of who is supposed to order the Shepard's Citations subscriptions. While the Warden's grant states the books will be ordered immediately (mid-July), it takes until mid-November 2006 to renew the subscriptions and begin receiving books. While this appeal was being "denied" at Third Level due to my failing "to provide any new or compelling evidence to warrant a modification", all Shepard's Case Name Citators had expired in 2006, and all other Shepard's Citation subscriptions were again allowed to expire in February 2007 (the same subscriptions that were renewed in November 2006). See Exhibit T and U, ante, and see Exhibits E, F, G, H, J, M, R, S, T and U's list of Shepard's missing hardbound volumes that have not been ordered / purchased.

51. I submit Exhibit R - Inmate Appeal CDC-602, No Log Number due to being "Granted" at informal level. This Appeal was submitted September 26, 2006 and Granted Octobr 25, 2006, trying to obtain compliance with Exhibit Q's granting of the Shepard's Subscription renewal in mid-July 2006. Approximately one month later FSP Law Library did begin to receive the Case and Statute Editions of Shepard's, however all Case Name Citators (California, Ninth Circuit, and U.S. Supreme Court), had lapsed and were not renewed.

52. I submit Exhibit S - Inmate Appeal CDC-602, Log. # 06-01137. I submitted three (3) separate Inmate Appeals in July 2006 which were combined under FSP Log No. 06-01137 and received final Director's Level Review, and Denial March 7, 2007, returned to me in late May 2007.

13

53. Please see Exhibit S, Director's Level Review sheet, Section

III. Director's Level Decision: Appeal Is Denied. Please note the

following discrepancies:

- Nothing is stated regarding the delays and missing CD-ROMs for
  the electronic law collection;
- No mention is made of the discrepancies of missing books not
  ordered for over two (2) years (and still missing now);
- No mention is made of the paper Barclay's Calif. Code of Regu-
  lations being expired for eighteen (18) months, despite the as-
  surance that one complete up-to-date copy of all paper Gilmore
  Collection material will be maintained at the prison;
- The Director's reviewer and Ms. Stuter (CDCR Principle Librar-
  ian) seem unaware that the Mountain Valley Library Service
  (MLVS) contract was terminated December 31, 2006, after ap-
  proximately 90 days advance notice to us in the prison;
- Note that MVLS contract is but one reason to deny my requested
  relief to basically comply with the Gilmore Consent Decree, of
  which most of the included Exhibits denote the consistent fail-
  ure of since 2005.

54. I prepared another "Gilmore Collection: Missing List" as of May

3, 2007 – Exhibit T. Please note the following discrepancies:

Barclay's California Code of Regulations (CCR) – paper copy ex-

pired Reg. 2006, No. 4, Jan. 27, 2006; Supreme Court Reports (no

listed Final Editions received); Shepard's – Missing Hardbound

Supplements issued during subscription lapse over two (2) year

prior; Shepard's all Case Name Citators expired in 2006; all

Shepard's Citations (Case and Statute Editions) again allowed to

expire in February 2007 (the same subscriptions that were renewed

in November 2006). Note electronic law collection listing indi-

cating the actual backlog of each set varies from six (6) to ten

(10) months behind the paper collection. CDCR Department Opera-

tion Manual (D.O.M.) – current pub is May 2000 – do not have com-

plete list of updates, revisions, changes, additions, deletions,

nor local supplements or Operational Procedures. Request for Dis-

14

1  position on duplicate books from Sept. 2004 and seven (7) addi-

2  tional boxes received July 2005 still reported (at least $4,000

3  dollars unnecessarily wasted on this stack of boxes).

4  55. The first week of May 2007, I submitted an Inmate Appeal (CDC-

5  602) to my Supervisor, the FSP Sr. Librarian, regarding the ex-

6  pired Shepard's Citations. This 602 was "lost". In mid-June, I

7  rewrote the 602 and resubmitted in the futile attempt to get

8  someone to pay attention to the problems detailed herein.

9  56. I prepared another "Gilmore Collection: Missing List" as of June

10  19, 2007 – Exhibit U. Please note the following discrepancies:

11  Barclay's California Code of Regulations (CCR) – paper copy ex-

12  pired Reg. 2006, No. 4, Jan. 27, 2006; Supreme Court Reports (no

13  listed Final Editions received); Shepard's – Missing Hardbound

14  Supplements issued during subscription lapse over two (2) year

15  prior; Shepard's all Case Name Citators expired in 2006; all

16  Shepard's Citations (Case and Statute Editions) again allowed to

17  expire in February 2007 (the same subscriptions that were renewed

18  in November 2006). Note electronic law collection listing indi-

19  cating the actual backlog of each set varies from six (6) to ten

20  (10) months behind the paper collection. CDCR Department Opera-

21  tion Manual (D.O.M.) – current pub is May 2000 – do not have com-

22  plete list of updates, revisions, changes, additions, deletions,

23  nor local supplements or Operational Procedures. Request for Dis-

24  position on duplicate books from Sept. 2004 and seven (7) addi-

25  tional boxes received July 2005 still reported.

26  57. As of the most recent update to the (electronic version)

27  Barclay's California Code of Regulation, 15 CCR, Register 2007,

28
                                    15

No. 11, March 16, 2007, I can find no record of 15 CCR § 2035,

despite Exhibit L received from Mountain Valley Library Service.

I can find no record of it being enacted, submitted, withdrawn,

or deleted from 15 CCR Division 2 since the electronic version of

Barclays California Code does not contain a "Digest Of New Regu-

lations", "Summaries Of New Regulations", or even an "Update His-

tory" to notify a user of any missing updates or registers.

58. I am unable to adequately research and prepare a further habeas

corpus petition due to the deficiencies listed in this declara-

tion and the submitted Exhibits to this motion.

59. I am, and will again be subject to appear before the Board Of

Parole Hearings (BPH), at a scheduled Hearing in January 2008,

and I have no ability to adequately prepare and research issues

for submission or presentation to the BPH, again due to the dis-

crepancies listed herein, and supported by the attached Exhibits.

60. I am currently filed in the local superior court over an under-

ground rule used to deny a voluntary transfer, that will requir-

ing additional research and briefings, and will most likely need

materials that are not available to me due to the discrepancies

listed herein.

61. I am, and have been subject to the systematic denial of the ba-

sic Constitutional Right of Access To The Courts, due to the

state created impediment of failure to maintain an up-to-date set

of legal materials the State consented to in the original Gilmore

Consent Decree.

62. Lack of even this limited collection of materials places me in

the further position of being unable to present violations of Due

16

Process Of Law, and Equal Protection Of The Law, that are rou-
tinely incurred in the prison setting.

63. I am at a further disadvantage if placed in Administrative Seg-
regation since the electronic collection is physically inaccessi-
ble to Ad-Seg inmates placed in security cages when physical ac-
cess to the Law Library is granted.

64. These deprivations due to my incarceration and poverty are in
direct violation of the existent Gilmore Consent Decree, and can-
not be justified by the State or State Officials since, as demon-
strated by Exhibits A through U, I have made reasonable attempts
to resolving this matter for over three (3) years, been ignored,
and continue to be ignored.

**ADDENDUM TO ORIGINAL SUBMISSION FOR EVENTS AFTER AUGUST 2007**

65. After my original submission of this filing, the Court dis-
missed the action in August 2007, instruction me to go through
"class counsel," the complete set of events following that is
explained in the accompanying "Motion For Leave To Proceed Pro
Se Or Motion To Appoint Independent Counsel; With Declaration
In Support", included with this filing.

66. On October 1, 2007, I filed a new CDC-602 (see Exhibit "V"),
combining the Director's Level Responses my prior Inmate Ap-
peals (CDC-602's)(see Exhibits "Q" and "S"), noting that the
Director's reply indicated that the Gilmore Collection was to
be maintained, and kept current, while the reality was that the
list of Missing Gilmore Materials List I'd created in June 2007

17

1  (see Exhibit "U", also included with the resubmission of the 602),

2  showed the Director's response was incorrect.

3  67. This appeal was summarily denied in three (3) days, stating

4  that I'd submitted a duplicate appeal, and that my prior ap-

5  peals had been denied, therefore I had <u>no</u> appealable issue.

6  68. The above denial by the FSP Appeals Coordinator shows that I

7  have no administrative remedy available.

8  69. On February 10, 2008, I compiled a new "Gilmore Collection:

9  Missing List", included herein as Exhibit "W", showing that <u>all</u>

10  of the preceding discrepancies still existed, <u>and</u> all book sets

11  with annual updates had the <u>subscriptions expire in July 2007</u>.

12  70. The Declaration and Exhibits included with my "Motion For

13  Leave To Proceed Pro Se <u>Or</u> Motion To Appoint Independent Coun-

14  sel", demonstrates that I <u>have no assistance from "class coun-</u>

15  <u>sel"</u> in this matter.

16

17  ///

18  ///

19

20                          VERIFICATION

21      I am the declarant and movant in the above cause of action. I

22  have read the statements herein, and declare under penalty of per-

23  jury that the above statements are true and correct.

   Date:                        RESPECTFULLY SUBMITTED,

24  **FEB 28 08**

25  _____              _____

                                John Steelman,  D-30388,  Pro se

26

27

28                              18

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant, a state prisoner proceeding pro se, is a member of the "Gilmore" plaintiff class in which the above case has been decided and consent decrees stipulated to by the parties.

Movant invokes the protection afforded by this court in its Order Settling and Dismissing Action, Sept. 28, 1978, stating that the above named action shall be dismissed "subject to the right of plaintiffs to file a petition with this court to seek enforcement with the provision of this Court's order of October, 16, 1972.

The California Department of Corrections and Rehabilitation (CDCR), has set forth in the California Code of Regulations (CCR):

Title 15 CCR § 3002(b)(7): That each inmate / parolee shall be advised of "(7) The facility location where the Board of Prison Terms' Rules may be reviewed by the inmate." [emphasis added, note Penal Code § 5076.2 orders that CCR Title 15 Div. 2 also be made available to the public and therefore logically necessary for life-term prisoner's parole hearings];

15 CCR § 3002(c) "The issuance of rules and regulations and pro-gram information summaries, and the inmates' receipt of same is re-quired in order to comply with Sections 2080 and 2930 of the Penal Code....";

15 CCR § 3122(a) "each facility shall provide legal materials through its law library to provide inmates with meaningful access to the courts...." [emphasis added];

15 CCR § 3160(a) "Inmate access to the courts shall not be ob-structed." (emphasis added); and

15 CCR § 3000.5 Rules of Construction "(c) Shall is manda-tory...." (emphasis added).

Currently at Folsom State Prison, the current paper copy of the Title 15, Div. 2 (15 CCR) expired in January 2006, despite the granted Inmate Appeals stating that a complete current paper set of legal materials will be maintained. It was a full year before the prison's law library received an electronic update to the Title 15,

1

rent rules and regulations mandated by State law and administrative regulations to be available to movant, despite repeatedly receiving "granted" inmate appeals.

This injury will be redressed by the requested relief, in that petitioner will be able to properly present his claims and grievances to the courts in an appropriate manner and properly research his contentions, allegations, and responsive pleadings.

> The right of access to the courts ensures that the unlawfully detained obtain their freedom, Johnson v. Avery, 393 U.S. 483, 485, 21 L. Ed2d 718, 89 S. Ct. 747, 749 (1969), and that the lawful detained have recourse for violations of fundamental constitutional rights.

> Wolff v. McDonnell, 418 U.S. 539, 579 (1974)

> "Bounds,... guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate, even an illiterate or non-English-speaking inmates, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish "adequate law libraries or adequate assistance from persons trained in the law," Bounds, 430 U.S. at 828 (emphasis added). Of course, we leave it to prison officials to determine how best to ensure that inmates with language problems have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement. But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone."

> Lewis v. Casey, supra, 518 U.S. at 356.

Bounds and Lewis both impose an affirmative duty on the state to provide petitioner with access to an "adequate law library" or "adequate assistance from persons trained in the law."

Movant has been denied access to the current rules and regulations of the Board of Prison Terms (now Board of Parole Hearings, "BPH"). Significant rules changes were made in February 2006, and a

3



copy is still <u>not</u> available to prisoners at Folsom State Prison. This and other rotating deficiencies in the legal collection has resulted in complete denial of the ability to prepare and present a petition to the State court, frame a legal or constitutional argument, and in this case seek redress of violations of law.

Neither CDCR nor the Warden of Folsom State Prison have shown, nor been required to show, that a Constitutionally sound program to assist or assure inmates access to the courts, is in place, or even exists. Movant exhibits demonstrate clearly that prison's legal library has not been in compliance with the "Gilmore Collection" for the past several <u>years</u>.

The United States Supreme Court has stated that,

> "'the Fourteenth Amendment due process claim based on access to the courts ... has not been extended by this Court to apply further than protecting the ability of an inmate to prepare a petition or complaint.' <u>Wolff</u>, 418 U.S. at 576, 94 S. Ct. at 2984."

> <u>Cornett v. Donovan</u>, 51 F.3d 894, 899 (9th Cir. 1995).

> "In the leading case on the right of access, the Supreme Court continued to state that its 'main concern' was '"protecting the ability of an inmate to <u>prepare a petition or complaint</u>." ' <u>Bounds</u>, 430 U.S. at 828 n.17, 97 S.Ct. at 1498 n.17 (quoting <u>Wolff</u>, 418 U.S. at 576,) (emphasis added). The Court adds that a competent lawyer would not 'file an initial pleading' without researching a number of issues, including the facts necessary to 'state a cause of action' <u>Id</u>., 430 U.S. at 825, 97 S. Ct. at 1497. The Court later reiterated that legal research or advice was necessary 'to make a meaningful initial presentation' to a trial court. <u>Id</u>. at 828, 97 S.Ct. at 1498 (emphasis added).
>     Finally, the Court held the right of access required that prisons assist inmates 'in the preparation and filing of meaningful legal papers.' <u>Id</u>."

> <u>Cornett</u>, <u>supra</u>, 51 F.3d at 898.

> "Indeed, despite the 'less stringent standards' by which a pro se pleading is judged, [ ] it is often more important that a prisoner complaint set forth a nonfrivolous claim meeting all procedural requirements...."

> <u>Bounds</u>, <u>supra</u>, 430 U.S. at 825-826

4

In Mendoza v. Carey, 449 F.3d 1065, Judge Kleinfeld's thoughtful dissent articulates the problem.

"The real problem is that because inmates are not entitled to appointed counsel for habeas petitions they have little hope of understanding the myriad subtleties and intricacies of habeas law. It is a subject that challenges the most capable lawyers and judges"

Mendoza, supra, 449 F.3d at 1074-1075 (footnote omitted)
The question must be asked: How much more difficult will seeking any relief be without even the most minimal requirement of the current rules and regulations being challenged?

Despite CDCR's and Folsom State Prison's stating that movant's Inmate Appeals are either partially granted or granted (see exhibits), identification and procurement of the missing books has not been accomplished. CDCR Librarians, and the Principle Librarian must at a minimum have a Masters Degree in Library Sciences. Yet they are unable to renew a short list of publications annually and verify and order missing books from a prepared list.

### CONCLUSION

Movant respectfully requests the Court grant his Motion To Seek Administrative Relief In Accordance With Local Rules Of Court Civil L.R. 7-11, and issue appropriate orders upon the CDCR and Folsom State Prison as stated in his motion.

Movant further requests the Court issue any further orders or remedies that the Court deems proper and just.

Date:

**FEB 28 08**

Respectfully submitted,

John Steelman,   D-30388

5