John Steelman   CDCR # D-30388
Folsom State Prison   1-C4-02
P.O. Box 950
Folsom, CA  95763

**ORIGINAL**

Original Case No. 45878

**FILED**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAR 0 3 2008

CLERK
NORTHERN ... CALIFORNIA
SAN JOSE

| | |
|---|---|
| GILMORE | CASE NO. 7-4225-JF |
|     Plaintiff-Appellant | **MOTION FOR LEAVE TO** |
| | **PROCEED PRO SE** |
| **v** | **OR** |
| | **MOTION TO APPOINT** |
| **PEOPLE OF THE STATE OF** | **INDEPENDENT COUNSEL; WITH** |
| **CALIFORNIA** | **DECLARATION IN SUPPORT** |
|     Defendant-Appellee | |

**TO: THE HONORABLE COURT IN THE ABOVE ENTITLED ACTION:**

COMES NOW John Steelman, member of the Gilmore plaintiff class and movant in the above entitled matter. For the reasons stated in the attached declaration, and renewed "Motion To Seek Administrative Relief In Accordance With Local Rules Of Court, Civil L.R. 7-11" included with this filing, it is respectfully requested that:

The Court allow movant John Steelman to proceed in this matter in Pro se status, due to abandonment by the Gilmore class attorney;

Or the Court appoint an independent counsel in this matter, due to the abandonment of the interests of movant John Steelman and conflict of interest created with the "class counsel" as demonstrated by this motion and attached declaration and exhibits.

1

In August 2007, movant sought relief in the Court for repeated violations of the Gilmore Consent Decree by Folsom State Prison for over four years. The Honorable Judge Fogel dismissed movant's filings stating that he needed seek relief through the "class counsel", Donald Spector, of the Prison Law Office, and dismissed the action without prejudice, Case No. C 07 4225 JF (PR).

Movant served a complete copy of the August filing on the Class Counsel in August 8, 2007. Movant sent a copy of Judge Fogel's dismissal, and another copy of the complete filing in September 2007. After intermittent contact from the Prison Law Office, on January 1, 2008, movant notified the PLO that he would initiate this action, and file a State Bar complaint due to the abandonment of ethical duty to movant in this matter.

The Prison Law Office replied mid - January 2008, with a copy of a letter sent to the Attorney General's Office regarding the compliance issue after three months and one threat of a State Bar Complaint. Further contact was promised to me, however as of this date, no further response or dialogue has been forthcoming.

I expressed several "concerns to the PLO, especially noting my feelings over the PLO's bad faith, evidence of CDCR's bad faith (potentially damaging to me personally), and a general lack of trust.

These filings and the resubmitted Civil L.R. 7-11 Motion with exhibits demonstrate to the Court that "class counsel" has abandoned movant; has abandoned the duty to exercise oversight and seek remedy for Gilmore violations; and breached the ethical duty and responsibility to movant in this matter.

2

For all of the reasons stated above, and exhibits showing a pattern of four (4) years of lack of compliance with the Gilmore consent decree, movant does not believe he can trust the PLO, Donald Spector, his agents, or representatives, to act in his best interests to address the issues presented to the Court.

It is further believed that these submissions to the Court as well as filing a State Bar Complaint against the "class counsel" has now created a conflict of interest with the PLO, Donald Spector, his agents or representatives, from representing movant and to seek relief for the violations stated in these filings.

Movant presents the attached declaration and exhibits to demonstrate that the class attorney in this matter has abandoned his duty of oversight, review, and ensuring compliance with the "Gilmore" decree, by failing to provide the minimum effort necessary to ensure movant's right of access to the courts under the First Amendment to the U.S. Constitution, and the Consent Decree issued by this Court in Case No. 45878, Gilmore v. People Of The State Of Califonria.

For the reasons stated in this motion and attached declaration with exhibits, and the renewed "Motion To Seek Administrative Relief In Accordance With Local Rules Of Court, Civil L.R. 7-11" included with this filing, movant must respectfully requested the Court allow him to proceed in this matter in Pro se status, or that the Court appoint independent counsel in this matter, due to the conflict of interests that "class counsel's" representation would entail.

///

3

## CONCLUSION

For the above stated reasons, I respectfully requests that the Court grant this motion, and request  any further relief or remedy that the Court deems proper and just.

## VERIFICATION

I am the movant in the above cause of action. I have read the statements herein, and declare under penalty of perjury that the above statements are true and correct.

Date:

FEB 2 8 08

RESPECTFULLY SUBMITTED,

John Steelman,  D-30388,   Pro se

4

**Declaration Of JOHN STEELMAN in support of Motion To Proceed Pro Se
- OR - Motion To Appoint Independent Counsel.**

1. I, John Steelman, CDCR # D-30388, declare that I am the movant in
   this action, and that the following is true and correct.

2. I am a State prison inmate, in the custody of the California De-
   partment of Corrections And Rehabilitation (CDCR), under immediate
   custody of Mr. M.C. Kramer, Warden of Folsom State Prison (FSP).

3. In August 2007, I sought relief in this Court for repeated viola-
   tions of the Gilmore Consent Decree by Folsom State Prison (FSP),
   hampering me from filing a writ in the State court over a phantom
   "chain rule" created by the Board of Parole Hearings (BPH) in 2006,
   and other matters currently relating to the BPH and CDCR.

4. On August 8, 2007, I filed a "Motion To Seek Administrative Re-
   lief In Accordance With Local Rules Of Court, Civil L.R. 7-11," ac-
   companying documents, and separately bound Exhibits "A" thru "U",
   Case No. C 07 4225 JF (PR), for enforcement of the consent decree in
   the class action Gilmore v. Lynch, Case No. C 66 - 45878 SL.

5. At the time of filing I served a complete copy to the Prison Law
   Office (PLO), Attn: Donald Spector, and CDCR Principle Librarian.

6. On August 29, 2007, the Honorable District Judge Jeremy Fogel
   dismissed my case stating that if I sought enforcement of the de-
   cree I must go through the "class counsel", Donald Spector of the
   Prison Law Office (PLO). See attached order included as Exhibit
   " A " to this motion.

1

7. In early September 2007, I again sent a complete copy of the filings to "class counsel", Donald Spector, at the PLO, with a copy of Judge Fogel's order, a letter from me to describe the problems at FSP, and my opinion that the "class counsel" had basically abandoned his responsibility for oversight, review, and compliance with the Gilmore consent decree.

8. On October 22, 2007, I received a letter from the PLO (Ms. Megan Hagler, Esq.), stating that they had received the initial filing in August 2007, and my follow-up letter with copy of the dismissal. See Exhibit " **B** " attached to this motion.

9. Note that there is no explanation or excuse given for the lack of communication since my initial filing on August 8, 2007.

10. The October 17th letter states in part: "I plan to contact the deputy attorney general regarding Gilmore compliance."

(Exhibit " **B** ", first paragraph, second sentence.)

11. On November 2, 2007, I submitted a response to the PLO attorney's letter, and expressed my disappointment that with almost four (4) years of exhibits, the PLO would only contact the deputy attorney general regarding the problems I'd stated.

12. In the above letter I stated that I had information in my possession that would prove CDCR's bad faith in maintaining the Gilmore mandated law collection, but that I did not trust "class counsel" with these documents. I offered Ms. Hagler the chance to show me that I could trust the PLO, and requested a dialogue to discuss the problems with the Gilmore collection I was experiencing.

13. On January 1, 2008, after no communication from the PLO, I sub-
mitted another letter to Ms. Hagler stating that I felt the PLO had
wasted more of my time and demonstrated their bad faith in matters
I was trying to bring to the Court's attention.

14. I stated that I would file a State Bar Complaint against the
PLO, and that I would file a motion to proceed on my own, or seek
somehow to relieve my requirement to go through the "class counsel"
in Gilmore since I believe that the PLO is a part of the problem.

15. On January 14, 2008, I received a letter from Ms. Hagler, see
attached Exhibit " C ", noting receipt of my two prior letters and
included a brief letter to the Deputy Attorney General, dated
Jan. 10, 2008, which was the contact I believe Ms. Hagler  stated
would be made in the October 17, 2007 letter.

16. This letter also stated that a follow-up letter addressing my
"concerns" would be mailed "next week."

17. On January 24, 2008, I received another letter from the PLO's
Ms. Hagler, stating a delay in responding to my "concern regarding
the secondary sources" and a response to my concern would be made
"next week." See attached Exhibit " D ".

18. I had expressed more than one "concern" to Ms. Hagler and my
filing to the Court, especially noting my "concerns" over: not be-
ing able to file a writ in the state court; concern over the PLO's
bad faith; evidence of CDCR's bad faith that could be damaging to
me personally; and the lack of trust I felt for the PLO.

19. As of this motions date, the stated "next week" response from the
PLO's January 18, 2008, letter is more than a month overdue, again
demonstrating "class counsel's" lack of diligence and abandonment.

3

20. I believe that my filing, resubmitted with this motion, and the attached Exhibits to this motion demonstrate to the Court that "class counsel" has abandoned me; has abandoned the responsibility to exercise oversight and seek remedy for Gilmore violations; and breeched the ethical duty as the Gilmore class counsel.

21. I am currently filing a State Bar Complaint regarding these matters as well as refiling the Civil L.R. 7-11 Motion in this Court.

22. For all of the reasons stated above, and both motions' exhibits showing four (4) years of lack of compliance with the Gilmore decree and the recent PLO letters, I do not believe I can trust the PLO, Donald Spector, his agents, or representatives, to act in my best interests to address the issues I have presented to the Court.

23. I further believe that my submissions to the Court in this matter as well as my filing a State Bar Complaint against the "class counsel" has now created a conflict of interest with the PLO, Donald Spector, his agents or representatives, from representing me and to seek relief for the violations stated in my filings.

24. For the reasons stated in this declaration and the renewed "Motion To Seek Administrative Relief In Accordance With Local Rules Of Court, Civil L.R. 7-11" included with this filing, I must respectfully requested and urge the Court to allow me to proceed in this matter in Pro se status, or that the Court appoint independent counsel in this matter, due to the abandonment and conflict of interests that "class counsel's" representation would entail.

4

## VERIFICATION

I am the declarant and movant in the above cause of action. I have read the statements herein, and declare under penalty of perjury that the above statements are true and correct.

Date:                                    RESPECTFULLY SUBMITTED,

FEB 28 08

_____

John Steelman,  D-30388,  Pro se

5

**EXHIBIT – " A "**

FILED

AUG 2 8 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN STEELMAN,                          )      No. C 07-4225 JF (PR)
                                        )
            Plaintiff,                  )      ORDER OF DISMISSAL
                                        )
      v.                                )
                                        )
CALIFORNIA DEPARTMENT OF                )
CORRECTIONS AND                         )
REHABILITATION,                         )
                                        )
            Defendant.                  )
_____)

      Plaintiff, a state prisoner proceeding pro se, filed a motion for administrative relief

seeking enforcement of a consent decree entered in the class action Gilmore v. Lynch,

Case No. C 66-45878 SI. If Plaintiff seeks enforcement (or clarification) of the consent

decree in the above-referenced class action, he must go through class counsel – Donald

Specter of the Prison Law Office, General Delivery, San Quentin, CA 94964. Cf.

Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual

members of the class and other prisoners may assert any equitable or declaratory claims

they have, but they must do so by urging further actions through the class representative

and attorney, including contempt proceedings, or by intervention in the class action.")

1    Accordingly, Plaintiff's individual action for enforcement of the consent decree is

2    DISMISSED without prejudice to Plaintiff pursuing proper procedures. The Clerk shall

3    terminate all pending motions as moot and close the file. No filing fee is due.

4         IT IS SO ORDERED.

5    DATED: _____8/28/07_____

6                                            JEREMY FOGEL
                                             United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

AUG 2 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN STEELMAN,                              )    No. C 07-4225 JF (PR)
                                            )
            Plaintiff,                      )    JUDGMENT
                                            )
    v.                                      )
                                            )
CALIFORNIA DEPARTMENT OF                    )
CORRECTIONS AND                             )
REHABILITATION,                            )
                                            )
            Defendant.                      )
_____ )

        The Court has dismissed the instant civil action for enforcement/clarification of the

consent decree without prejudice. A judgment of dismissal without prejudice is entered.

The Clerk shall close the file.

        IT IS SO ORDERED.

DATED: 8/24/07

                                    JEREMY FOGEL
                                    United States District Judge

**EXHIBIT – " B "**



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

10/17/2007

John Steelman
D-30388
FOL, PO Box 950
Represa, CA 95763

Dear Mr. Steelman:

Thanks for your letter, which we received on October 9. *and your papers, which we received on August 10.* *MH* I plan to contact the deputy attorney general regarding Gilmore compliance. I have several questions for you regarding the materials in Folsom's library, based on Exhibit U to your declaration in support of your motion.

Our understanding is that even if your law library does not have the updated Shepard's volume(s) you need, the librarian is supposed to borrow the volume(s) you need or request photocopies from other law libraries. Is that not happening? Have you spoken to your librarian about this? What was the response?

In Exhibit U, you list Shepard's U.S. Citations for the Supreme Court Reporter, Lawyer's Edition, and United States Reports. Why does your library need all three?

Are the materials reported in West's Supreme Court Reporter, Fed. Suppl. 2d, Fed.3d, and Cal. Rptr. 3d available on Premise?

The library is not required to stock California Jurisprudence, but it is supposed to have it in its circulating library. You wrote that the CDCR's subscription with Mountain Valley expired late last year. Is there an alternative company that is providing these materials?

Please note any other advance sheets that are missing.

Has Premise been updated since March 2007? Have you heard that the CDCR's subscription for Premise updates has lapsed? Are there any materials that are not on Premise that should be (other than the materials from March 2007 to the present)?

Does the library still not have a user's manual for Premise?

I checked Westlaw for 15 CCR section 2035. As of 10/5/07, that database does not list section 2035. Neither does our print version of Title 15, the table of contents of which was last updated in July 2007.

Take care.

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Sincerely,

Megan Hagler

Enc:

**EXHIBIT – " C "**



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Vibeke Norgaard
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

January 10, 2008

John Steelman, D30388
Folsom

Dear Mr. Steelman:

I write in response to your letters, which we received on November 5 and January 4.

I enclose a copy of the letter I sent to the deputy attorney general who works on the Gilmore case. In that letter, I cover all the missing materials required by the Gilmore order that you mention in your most recent two letters and in the June 2007 list. If that is not correct, please let me know.

Next week, I will respond to the concerns you raised in your January letter, and I will also write regarding the substitution of updated secondary sources for the outdated ones listed in the Gilmore order.

Take care.

Sincerely,

Megan Hagler

encl: DAG letter

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax: (415) 457-9151
www.prisonlaw.com

Director:
Donald Specter

Staff Attorneys:
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Viveka Norgaard
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

January 10, 2008

Ken Roost
Deputy Attorney General
BY E-MAIL ONLY

Dear Ken:

I write regarding deficiencies in Folsom's library reported by John Steelman, D30388, a former law library clerk at Folsom.

In October 2007, Mr. Steelman filed a 602 requesting that Folsom update missing materials required by the Gilmore order. The 602 was screened out as a duplicate of two other 602s (log numbers 06-1137 (request for replacement of list of missing materials and complaint that Premise was four months to one year behind) and 06-386 (request for updated Shepard's)). As a result, library staff did not have the chance to respond to Mr. Steelman's request.

The second level response to 602 log number 06-386 states that the subscription to Shepard's lapsed. Mr. Steelman informed me that there are several missing Shepard's volumes. He also told me that Folsom does not have a system for prisoners to obtain copies of the appropriate pages of Shepard's from a library at Folsom, or inside or outside the CDCR.

The second level response to 602 log number 06-1137 states that certain items on the list Mr. Steelman attached to the 602 (I do not have a copy of this list) were then being provided through Premise and the Sacramento County Law Library. It also states that "The Office of correctional Education has been made aware that legal materials are not current and has requested updated materials." The director's level response states that missing material would be replaced by spring 2007 and that Mountain Valley Library System would provide other decisions not available locally.

Mr. Steelman informed me that advance sheets are frequently not updated. Mr. Steelman also reported there is no user manual for Premise at Folsom.

Board of Directors:
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Please let me know which materials are out of date at Folsom. Please let me know when the institution will receive missing materials and how it will provide access to those materials in the interim. Thanks for your help.

Sincerely,

Megan Hagler

encl: three 602s

cc: Mr. Steelman

**EXHIBIT – " D "**



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Vibeke Norgaard
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

1/18/2008

John Steelman
D-30388
FOL, PO Box 950
Represa, CA 95763

Dear Mr. Steelman:

I write regarding the secondary sources required in Gilmore. Because evidentiary hearings were held in a different class action case every day this week, I have not been able to prepare a response to your concern regarding the secondary sources.

I apologize for the delay, and I expect that I will be able to respond to your concern next week.

Take care.

Sincerely,

Megan Hagler

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts